UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.:

**NICOLE BERNSTEIN,**
*individually and on behalf of all*
*others similarly situated,*

    **Plaintiff,**

v.

**RAMP BUSINESS CORPORATION,**

    **Defendant.**
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Nicole Bernstein ("Plaintiff") brings this class action against Defendant Ramp Business Corporation ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

2. To promote its goods and services, Defendant engages in unsolicited text messaging to consumers that have registered their telephone numbers on the National Do Not Call Registry.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of

1

themselves and members of the Class, and any other available legal or equitable remedies.

## PARTIES

4. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Colorado.

5. Defendant is a Delaware corporation with its headquarters located in New York, New York.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## JURISDICTION, AND VENUE

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

8. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant's principal place of business is located in this District.

## FACTS

9. On or about October 4, 7, 8 and 11, 2024, Defendant called Plaintiff's cellular telephone as depicted below:



2



10. Overall, between October 4 and November 13, 2024, Defendant caused at least fifteen (15) marketing phone calls to be transmitted to Plaintiff's cellular telephone number. Upon information and belief Plaintiff has received several other marketing phone calls from Defendant within the four years preceding the filing of this Complaint.

11. The purpose of Defendant's telephonic sales calls was to advertise, promote, and/or market Defendant's property, goods, and/or services.

12. Plaintiff is the regular user of the telephone number that received the above solicitations.

13. Plaintiff registered the cellular telephone number on the National Do-Not-Call Registry on or about November 24, 2020.

14. Plaintiff utilizes the cellular telephone number that received Defendant's phone calls for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

15. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all phone calls sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each call initiated to Plaintiff and the Class members.

16. Plaintiff has not transacted any business with Defendant within the past eighteen (18) months before receiving the above-described phone calls. Also, Plaintiff has not made any inquiry regarding Defendant's products or services within the past three (3) months before receiving the above-described phone calls.

17. Plaintiff never signed any type of authorization permitting or allowing Defendant to send them text message solicitations.

18. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

### PROPOSED CLASS

19. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The class that Plaintiff seeks to represent (the "Class") is defined as:

> **All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one marketing phone call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during eighteen months immediately preceding the date of the first call; and (6) who did not contact Defendant during the three months immediately preceding the date of the first call with an inquiry about a product, good, or service offered by Defendant.**

20. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

21. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes Class Members' number in the several thousands, if not more.

### NUMEROSITY

22. Upon information and belief, Defendant has placed violative calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be

4

so numerous that joinder of all members is impracticable.

23. The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

24. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

 (a) Whether Defendant initiated solicitation phone calls to Plaintiff and the Class members who had registered their numbers on the National Do Not Call Registry; and

 (b) Whether Defendant is liable for damages, and the amount of such damages.

25. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

26. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF CLASS MEMBERS

27. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**S**UPERIORITY

28. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

29. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

**COUNT I**
**VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)**
**(On Behalf of Plaintiff and the Class)**

30. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

31. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

32. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." 47 C.F.R. § 64.1200(e).

33. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

34. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

35. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

36. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of themselves and members of the Class, prays for the following relief:

- a. An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

- b. An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

- c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

- d. An injunction requiring Defendant to comply with 47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(c);

- e. An award of attorney's fees, costs, and interest, as allowed by applicable law; and

- f. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and members of the Class hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Date:  December 16, 2024.

                                          Respectfully Submitted,

                                          /s/ Zane C. Hedaya
                                          **ZANE C. HEDAYA, ESQ.**
                                          New York Bar No.: 6135339
                                          E-mail: zane@jibraellaw.com
                                          The Law Offices of Jibrael S. Hindi
                                          110 SE 6th Street, Suite 1744
                                          Fort Lauderdale, Florida 33301
                                          Phone: 813-340-8838

                                          *COUNSEL FOR PLAINTIFF*